IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          No. CR-00-1392 JC

ANTOINE JOHNSON,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on Defendant's motion to set aside sentence under 28 U.S.C. § 2255 (Doc. 180) filed June 2, 2005. *See* 28 U.S.C. § 2255 R. 4(b). Defendant was convicted on one count of a superseding indictment charging drug conspiracy under 28 U.S.C. §§ 846, 841(b)(1)(A). On November 25, 2002, the Court entered judgment on Defendant's conviction, and he did not appeal his conviction or sentence. Defendant claims that his sentence is illegal under the Supreme Court's decision in *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005). He also contends that his motion is timely because he filed it within one year after the *Booker* decision.

    Defendant is incorrect in his assertion that his motion was timely filed. "[Defendant] argues that he had one year from *Booker* to file his claim. He would be correct if *Booker* were 'retroactively applicable to cases on collateral review.' But *Booker* is not retroactively applicable, . . ." *United States v. Atayde*, No. 05-1273, 2005 WL 2822475, at *2 (10th Cir. Oct. 28, 2005) (quoting 28 U.S.C. § 2255). The motion was not timely filed.

    Even if the motion were timely, Defendant's allegations of illegal sentence do not support his § 2255 claim. The *Booker* ruling provides no basis for collateral review of a criminal conviction or

sentence. *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005). By its express terms, the decision in *Booker* applies only to pending cases and those on direct review. *See Booker*, --- U.S. at ---, 125 S. Ct. at 769; *Bellamy*, 411 F.3d at 1186. Defendant is not entitled to relief under this decision, and his § 2255 motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to set aside sentence under 28 U.S.C. § 2255 (Doc. 180) filed June 2, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE